RECEIVED
IN LAKE CHARLES, LA
JUN 2 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHELLE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JAMES RODNEY HILL, DECEASED | : | DOCKET NO. 2:06 CV 0265 |
| VS. | : | JUDGE MINALDI |
| E.W. BELCHER TRUCKING COMPANY, RICKY L. HALL, AND GREAT WEST CASUALTY INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## **MEMORANDUM RULING**

Presently before the court is a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss [doc. 11] filed by the defendants, E.W. Blecher Trucking Company, Ricky L. Hall ("Hall"), and Great West Casualty Insurance Company ("Great West"). This motion has been opposed by the plaintiff. The defendants filed a reply to the opposition.

The Motion to Dismiss alleges two deficiencies in the complaint:

1) The complaint alleges damages from "total and wanton indifference" which constitute "gross negligence." The defendants assert that the plaintiff does not plead the statutorily necessary involvement of intoxication as required by LSA C.C. Art. 2315.5[1]. As a result, the defendants argue that the plaintiff's claims to exemplary damages must be dismissed.

2) The plaintiff is not an "estate representative" who is entitled to make a claim for survivorship. If the plaintiff has a valid cause of action, she is entitled to only her proportionate share (1/4) of the total survivorship damages.

---

[1] Although the defendant cites C.C. Art 2315.5, this appears to be a typographical error and it should state 2315.4.

## Rule 12(b)(6)

In a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[2] The motion will be denied if the allegations support relief on any possible theory.[3] The court will "bend over backwards to avoid granting a 12(b) motion to dismiss."[4]

"The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a)."[5] All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."[6]

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim."[7] General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim."[8] However, conclusory allegations concerning the legal affect of the events alleged do not have to be accepted

---

[2] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[3] *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

[4] *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

[5] Wright & Miller, Federal Practice and Procedure Civil 2d, §1357 at n.11; *Leatherman*, supra at 1163.

[6] *Leatherman*, supra at 1163 (Quoting <u>Conley v. Gibson</u>, 78 S.Ct. 99, 103 (1957)).

[7] *Leatherman*, supra at 1163.

[8] *National Organization for Women, Inc. v. Scheidler*, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2137 (1992)).

2

by the court.[9]

## Analysis

This suit arises from an automobile-18 wheeler collision on January 11, 2005, at the intersection of US 171 and Louisiana State Highway 378. James Rodney Hill died as a result of the injuries sustained in this accident. The plaintiff, Michelle Hill, was his wife at the time of his death.

The complaint, ¶XVI, alleges damages from "total and wanton indifference" which constitute "gross negligence." The defendants assert that the plaintiff does not plead the statutorily necessary involvement of intoxication as required by LSA C.C. Art. 2315.4[10]. As a result, the defendants argue that the plaintiff's claims to exemplary damages must be dismissed.

Counsel for the plaintiff asserts that he has requested the results of blood tests that were performed on defendant Hall, but he remains under indictment for negligent homicide and because the criminal prosecution is pending, the Assistant District Attorney assigned to the case will not release the results. The plaintiff does not know if alcohol was involved and argues that the

---

[9] Wright & Miller, Federal Practice and Procedure: Civil 2d §1357, pp. 311-21.

[10] In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries. LSA-C.C. Art. 2315.4

3

complaint contains no *ad damnum* prayer for exemplary damages.

¶XVI of the complaint alleges:

> Plaintiff would further show that the acts and omissions of Defendants proximately causing the death of James Rodney Hill exhibited such lack of care and such a total and wanton indifference to the rights and well-being of James Rodney Hill and others similarly situated as to constitute gross negligence.

Based upon the language of ¶XVI, the plaintiff argues that any attempt to strike exemplary damages is premature, because exemplary damages have not been requested.

¶XVI constitutes a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. There is no prayer for exemplary damages contained in the complaint, therefore the Motion to Dismiss the request for exemplary damages will be denied. Counsel for the plaintiff, however, shall be allowed thirty days from the date of this ruling to amend the complaint to allege intoxication if warranted.[11]

The defendants also argue that the plaintiff is not an "estate representative" who is entitled to make a claim for survivorship and, that if the plaintiff has a valid cause of action, she is entitled to only her proportionate share (1/4) of the total survivorship damages.

The defendants argue that, under the laws of Texas, where the decedent was domiciled at the time of his death, the plaintiff lacks standing to make a claim for survivorship. Under TEX.CIV.REM. & PROC. CODE §71.021(B), only representatives of an estate can bring a cause of action for survivorship. The plaintiff does not allege the existence of any proceeding in which she has been named as the representative of the estate. Additionally, all the heirs would be necessary parties to the survivorship claim and this complaint does not include those necessary parties.

---

[11] If a subpoena *duces tecum* for the hospital records is needed this court will issue the same. Counsel is advised to be expeditious in seeking the necessary records.

4

The plaintiff submits that, as survivor of the community existing between she and her husband, she is an heir under Texas law[12] and has standing to assert a survivorship claim under the law of Texas[13], as well as under the law of Louisiana.

The plaintiff asserts that she is the widow of Rodney Hill. As the surviving spouse, she has a cause of action under LSA C.C. Art 2315.1 and 2315.2. She further argues that she is entitled to file suit against the defendants in Louisiana under the Nonresident Motorist Act, R.S. 13:3474. In the case of Great West, jurisdiction is conferred pursuant to LSA R.S. 13:3201 and the Direct Action Statute, R.S. 22:658.

Fed.R.Civ.P. 17(a) defines a real party in interest:

> **(a) Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, *or a party authorized by statute* may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. (emphasis added).

---

[12] TEX. CIV. REM. & PROC. CODE §71.021(b) states: "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives."

[13] *See Shepherd v. Ledford*, 926 S.W.2d 405, 414 (Tex.App.-Fort Worth 1996, writ granted) (the court of appeals had concluded the surviving spouse was a "legal representative of the deceased for purposes of the survivorship statute" and thus, held that "neither section 71.021(b), nor *Frazier v. Wynn*, 472 S.W.2d 750, 752-53 (Tex.1971) require an administration of decedent's estate before a surviving spouse is entitled to assert personal injury claims for the estate under the survival statute.")

5

The plaintiff argues that she is a party authorized by statute. She is a surviving spouse whom the Louisiana Civil Code names as a lawful party plaintiff.[14] Further, the Louisiana Supreme Court in *Gibbs v. Magnolia Living Center*[15] held:

> The jurisprudence holds that the wrongful death action compensates the class beneficiaries under La. C.C. art. 2315.2 for their own individual injury arising out of the victim's death. *Walls v. American Optical Corp.*, 98-0455 (La.9/8/99), 740 So.2d 1262, 1274. The members of the beneficiary class can receive general damages in various amounts on the basis of the differing degrees of affection which existed between the deceased and the different members of the class. *Muse v. Dunbar*, 97-582 (La.App. 3d Cir.6/10/98), 716 So.2d 110....

The court in *Gibbs* also discusses the difference between a wrongful death claim and a survivor action:

> The survival action is, however, a totally separate and distinct cause of action from the wrongful death claim. The survival action differs from the wrongful death claim in that it "permits recovery only for the damages suffered by the victim from the time of injury to the moment of death." "The action is based upon the victim's right to recovery being transferred by operation of law to the beneficiary." *Id.*
>
> While the survival claim relates to the damages suffered by the decedent, both La. C.C. art. 2315.1(B)[16] and La. C.C.P. art. 801[17] indicate that members of the applicable class of beneficiaries have capacity to bring the survival claim or to continue a pending tort claim after the death of the victim without the involvement of the decedent's succession representative. *Carl v. Naquin*, 93-1725 (La.App. 1st Cir.5/20/94), 637 So.2d 736.

---

[14] See LSA CC Art. 2315.1

[15] 870 So.2d 1111, 1114, 38,184, **4 (La.App. 2 Cir., 2004).

[16] La. C.C. art. 2315.1(B) provides: In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

[17] La. C.C.P. art. 801 provides: When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.

As used in Articles 801 through 804, "legal successor" means:

> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and ⋯

In fact, the Louisiana Third Circuit Court of Appeal has held that the surviving spouse is designated as the legal successor with the sole right to bring an action to recover damages under the provisions of Civil Code Art. 2315.1."[18]

¶ I of the complaint alleges that Michelle Hill is appearing individually and as "representative of the estate of Rodney James Hill." The defendants assert that Ms. Hill does not represent the estate of Rodney Hill as the decedent's other heirs, his three children, have all settled their claims. Because of this settlement, they argue that the plaintiff's potential survivorship claim is 1/4 of the total survivorship claim. The plaintiff argues that the children have "admittedly settled their claims,"[19] therefore the succession or its legal representative is foreclosed from interfering with the plaintiff's claims. The succession or its legal representative did not advance the argument that the plaintiff's interest should be reduced to 1/4 of the total survivorship claim, the defendants did. The plaintiff cannot assert that she represents the decedent's estate when representing solely her own interests. The defendant's Motion to Dismiss will be granted to the extent that Ms. Hill will not be permitted to to seek damages "due and owing to the estate." Her cause of action is restricted to seeking

---

[18] *Sandell v. Sontag*, 827 So.2d 575, 578 (La.App. 3d Cir. 10/2/02).

[19] P. 8 of plaintiff's brief in opposition to the Motion to Dismiss.

individual damages as the decedent's surviving spouse either in a survival action and/or a wrongful death action.

Lake Charles, Louisiana, this 19 day of July, 2006.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE