


RECEIVED
IN LAKE CHARLES, LA

APR - 3 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MICHELLE HILL | : | DOCKET NO. 2:06 CV 0265 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| E.W. BELCHER TRUCKING COMPANY, ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court are post-trial cross-motions. The plaintiff, Michelle Hill (hereinafter "Hill"), filed a Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59 [doc. 149]. The defendant, E.W. Belcher Trucking Company, et al. (hereinafter "Belcher"), filed an Opposition [doc. 151]. Hill filed a Reply [doc. 154].

Belcher filed a Cross-Motion For Judgment Not Withstanding the Verdict [doc. 152]. Hill filed an Opposition [doc. 155]. Belcher filed a Reply [doc. 157]. This Court shall address all of the post-trial motions in this Memorandum Ruling.

### FACTS

Hill filed suit on February 21, 2006 in the 14th JDC.[1] Hill filed suit as a surviving spouse pursuant to LA. REV. STAT. ANN. § 22:655 to recover damages incurred by her estranged husband, James Hill, in the January 11, 2005 accident that killed him.[2] It is undisputed that James Hill was

---

[1] Compl. (Feb. 21, 2006) [doc. 1].

[2] Pl.'s Opposition to Def.'s Mot. for Judgment Notwithstanding the Verdict, at 1 [doc. 155].

1

killed by a driver of a Belcher tractor trailer rig.[3]

The jury rendered its verdict on November 14, 2007.[4] The jury found that James Hill consciously experienced pain prior to his death, and that he was subject to fright, fear, or mental anguish between the moment of impact and the moment of death.[5] The jury awarded $0 in damages.[6] The jury did not find that James Hill perceived and understood the impact that ultimately caused his death.[7] The Court entered Judgment on February 8, 2008.[8]

## HILL'S MOTION FOR A NEW TRIAL

Hill moves for a new trial pursuant to FED. R. CIV. P. 59. Under FED. R. CIV. P. 59, "the court may, on motion, grant a new trial on all or some of the issues–and to any party...after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law...." FED. R. CIV. P. 59(a)(1)(A). Although FED. R. CIV. P. 59(a) does not specify what justifies a new trial, "the Fifth Circuit has held that a new trial may be granted if 'the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.'" *Moore v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 239832, *3 (E.D. La. Jan. 28, 2008) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)).

A new trial is warranted if the first trial resulted in a "miscarriage of justice." *United States*

---

[3] *Id.*

[4] Verdict Sheet (Nov. 14, 2007) [doc. 145].

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Judgment (Feb. 8, 2008) [doc. 148].

*v. Simms*, 508 F. Supp. 1188, 1202 (W.D. La. 1980). Trial courts "sparingly" grant new trials for finding a jury's verdict is contrary to the weight of evidence or that a miscarriage of justice has occurred. *Id.* At the outset, Hill's Motion is timely because it was filed within ten (10) days after the entry of judgment. FED. R. CIV. P. 59(b).

### A.) Prejudicial Error

"Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). Hill argues that there were several prejudicial errors in her trial. Hill argues that she was prejudiced by the denial of her Motion to Sever because the Court permitted introduction of evidence of her marital status and the Court's jury instruction did not cure this prejudice.[9] Hill argues that the jury's prejudice is apparent on the face of the verdict sheet because the jury found that James Hill suffered pain but awarded Hill $0. This Court denied Hill's Motion to Sever Issues Pursuant to FED. R. CIV. P. 42

---

[9] Two days before trial began, Hill moved to sever issues pursuant to FED. R. CIV. P. 42. Pl.'s Motion to Sever Issues (Nov. 7, 2007) [doc. 122]. Hill sought two trials: one on the issue of her marital status as James Hill's surviving spouse, and one on the issue of damages James Hill incurred for conscious pain and suffering, pre-impact fear, and fright, fear, or mental anguish between the moment of impact and the moment of death. *Id.*

At trial, both parties presented evidence as to Hill's marital status. Michelle and James Hill were married on July 7, 1989. Pl.'s Ex. D, p. 39 (Trial Transcript). Michelle and James Hill never divorced. *Id.* However, divorce proceedings were initiated in Galveston County, Texas in 1997. Def.'s Opposition, at 3 [doc. 151]. Moreover, at the time of the accident, Hill was living with Lonnie Powell in Wisconsin. Pl.'s Ex. D, p. 41 (Trial Transcript). Hill and Powell filed bankruptcy documents in Wisconsin's bankruptcy court that listed the couple as married and Hill's last name as "Powell." *Id.* at 41-42. Hill has worked for St. Nicholas Hospital for about seven years using the last name "Powell," and listing Lonnie Powell as her husband and her in case of emergency contact. *Id.* at 44-50.

because it found "bifurcation would strain judicial resources and unfairly prejudice the defendants in the presentation of their case, given that Hill's motion to sever was submitted two days before trial [wa]s scheduled to begin."[10] Other courts have denied last-minute motions to sever because bifurcation would unfairly prejudice the opposing side. *See McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870 (7th Cir. 1994).

As stated in the November 7, 2007 Memorandum Order, this Court found that any prejudice could be cured with a limiting instruction to the jury. In fact, at the close of evidence, this Court granted Hill's Motion for Directed Verdict and issued a limiting instruction that "Ms. Hill is the surviving spouse of Mr. Hill as a matter of law. This means that Ms. Hill is in the class of persons who is entitled to bring a survivor action."[11] Thus, this Court does not find that the denial of Hill's Motion to Sever resulted in prejudicial error.

Hill also attempts to reargue the merits of her Motion to Sever under a sub-heading titled "Granting Plaintiff's Motion to Sever Would Not Have Been Prejudicial to Defendant." Hill argues that neither party knew that this Court would admit evidence on marital status until November 5, 2007. This Court has already ruled that it found a last-minute bifurcation would unfairly prejudice the defendant.[12] The proper vehicle for contesting this Court's finding of prejudice to the defendant would have been a Motion to Alter or Amend a Judgment, pursuant to FED. R. CIV. P. 59(e), within ten (10) days of the entry of Judgment, or an appeal to the Fifth Circuit. Accordingly, this Court

---

[10] Mem. Order (Nov. 7, 2007) [doc. 125].

[11] Court's Instructions to the Jury (Nov. 14, 2007) [doc. 144].

[12] Mem. Order (Nov. 7, 2007) [doc. 125].

declines to reconsider Hill's argument on the merits of her Motion to Sever.

Hill also argues that evidence as to her marital status was inadmissable under FED. R. EVID. 403 because the "probative value [was] substantially outweighed by the danger of unfair prejudice..." The Fifth Circuit has noted that unfair prejudice in Rule 403 is "not to be equated with testimony simply adverse to the opposing party...the prejudice must be 'unfair.'" *Schmidt v. Ace America*, 2007 WL 3231631, *1 (W.D. La. Oct. 31, 2007). Before Hill could recover as a surviving spouse, she had to demonstrate that she was, in fact, the surviving spouse. Because Hill did not file a Motion for Partial Summary Judgment on the issue of marital status, and because the Motion to Bifurcate was denied as untimely and a strain on judicial resources, this Court had to resolve the status issue at trial. Thus, the probative value was not substantially outweighed by the danger of unfair prejudice, because any prejudice was not unfair, especially since this Court issued a Directed Verdict as to status and issued a limiting instruction to the jury. Furthermore, Hill has cited no case law that would suggest otherwise, and argues only the plain text of FED. R. EVID. 403.

### B.) Verdict Contrary to the Weight of Evidence

A new trial for insufficient damages "is only appropriate where the evidence indicates that the jury awarded damages in an amount 'substantially less than was unquestionably proven by plaintiff's uncontradicted and undisputed evidence.'" *Fattman v. Bear*, 2006 WL 1285014, *1 (E.D. Pa. May 9, 2006) (quoting *Semper v. Santos*, 845 F.2d 1233, 1236 (3d Cir. 1988)). Moreover, the Fifth Circuit recently upheld a jury verdict finding a breach occurred but awarding $0 in damages. *Foster v. Allstate Ins. Co.*, 239 Fed. Appx. 52, 55 (5th Cir. 2007). The Fifth Circuit noted that the question before it was whether it is possible to reconcile the jury's finding of breach with its finding that the

Fosters suffered no monetary damages, concluding that "such reconciliation is legally plausible." *Id.* at 54 (finding that the jury could have found Allstate breached by failing to act timely, and that such a breach was only a technical violation of a state timing statute and thus produced no damage).

At trial, eyewitness Tony Terrell testified that James Hill was "moaning and groaning" after the accident; however, expert witness Dr. Terry Welke testified that "moaning and groaning" are "not necessarily" signs of "consciousness."[13] James Hill's death certificate states the time of death as 1:07 p.m.[14] The police report also lists the time of the accident as 1:07 p.m.[15] Dr. Welke testified that he did not know how long James Hill lived before his death, he has no evidence as to how much time James Hill was conscious after the accident, and he has no evidence as to whether James Hill had any conscious pain and suffering following the accident. The jury ultimately found that James Hill did experience conscious pain and suffering between the moment of impact and the moment of death, and experienced fright, fear, or mental anguish between the moment of impact and the moment of death, but awarded him $0.

Given the evidence, which is not undisputed or uncontradicted, this Court finds that the jury's verdict was not against the clear weight of the evidence. *See Fattman*, 2006 WL 1285014, *1. It is possible that the jury found James Hill suffered but that his suffering did not rise to the level of actionable damages because the time of the accident and time of death were the same. *See, e.g., Foster*, 239 Fed. Appx. at 54. Thus, this Court finds that the jury's award of $0 is not against the

---

[13] Trial Transcript, p. 66.

[14] *Id.* at 67.

[15] *Id.* at 68.

clear weight of the evidence, and thus does not satisfy the standard required for a new trial.

## BELCHER'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Belcher does not specify under what federal rule it moves for a Judgment Notwithstanding the Verdict (hereinafter "JNOV"). The 1991 amendments to the Federal Rules of Civil Procedure changed the terminology of FED. R. CIV. P. 50(b) from JNOV to Renewed Motion for Judgment as a Matter of Law, but the substance of the Rule remains unchanged. *See Douglas v. Dynmcdermott Petroleum Operations Co., et al.*, 1996 WL 560018, at *1 n.1 (E.D. La. Oct. 1, 1996) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2537 (1995)). Thus, this Court approaches Belcher's Motion from both FED. R. CIV. P. 50(b) and FED. R. CIV. P. 59(e), which is a Motion to Alter or Amend a Judgment. Pursuant to FED. R. CIV. P. 50(b),

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the judgment...the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Pursuant to FED. R. CIV. P. 59(e), litigants may move to alter or amend a judgment, provided such a motion is made "no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). Thus, at the outset, this Court must deny Belcher's motion under either rule because Belcher filed its Motion on February 25, 2008, and not within ten (10) days after the entry of judgment as both rules require.

Even had Belcher complied with the ten-day filing period, however, this court would nonetheless deny its Motion under either federal rule. A party may not move under FED. R. CIV. P. 50(b), unless it has first moved for judgment as a matter of law at the close of the record under FED.

7

R. CIV. P. 50(a). Furthermore, a Rule 50(b) post-trial motion may only discuss issues raised in the Rule 50(a) pre-verdict motion. Thus, if the party did not file a Rule 50(a) motion for judgment notwithstanding the verdict, the district court cannot grant a Rule 50(b) motion and the court's sole remedy is to order a new trial. *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 n.1 (4th Cir. 2001) (noting that "a Rule 50(b) motion may only be made as a renewal of a motion previously made on the same grounds under Rule 50(a)"). Even had Belcher moved within ten days after Judgment was issued, because Belcher did not move under FED. R. CIV. P. 50(a) at the close of trial, Belcher cannot now bring a motion pursuant to FED. R. CIV. P. 50(b).

This Court also considers Belcher's Motion under FED. R. CIV. P. 59(e). Belcher requests that this Court alter the jury's award of $0 for pre-death pain and suffering to an award in the range of $7,500 to $10,000, which it argues is the average recovery for similar accident cases in Louisiana. Belcher thus essentially seeks an additur, or an increase in the compensatory damages portion of the verdict. *See Lapapa v. Nat'l R.R. Passenger Corp.*, 2005 WL 3533858, *2 (E.D. La. Oct. 19, 2005). Belcher argues in its Reply that because this Court sits in diversity, this Court should grant a JNOV that increases the amount of compensatory damages under the Louisiana Civil Code of Procedure.[16]

Belcher essentially argues that under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts in Louisiana apply the Louisiana state procedure rules.[17] This is an erroneous legal proposition.

---

[16] Belcher cites LA. CODE CIV. PROD. art 1811(F).

[17] *Erie* "mandates the application of the forum-state substantive law in federal diversity cases." *Affholder, Inc. v. S. Rock, Inc.*, 746 F.2d 305, 307 (5th Cir. 1984). A later Supreme Court decision, *Hanna v. Plumer*, 380 U.S. 460 (1965), held that even in diversity, federal courts apply the Federal Rules of Civil Procedure "whenever they plainly conflict with a state statute." *Id.* Thus, *Hanna* modified *Erie* with respect to the application of the Federal Rules of Civil Procedure in diversity cases, and articulated a separate method of analysis. *Id.* Now, when the

Moreover, it is well-established that awarding an additur in federal court when damages are disputed violates the Seventh Amendment and is thus unconstitutional. *See e.g., Dimick v. Schiedt,* 293 U.S. 474, 486-88 (1935); *Hawkes v. Ayers,* 537 F.2d 836, 837 (5th Cir. 1976); *Douglas,* 1996 WL 560018, at *1; STEVEN BAICKER-MCKEE ET AL. FEDERAL CIVIL RULES HANDBOOK 1021 (2008). Without any legal support, Belcher then tries to argue that because *Erie* was decided after *Dimick,* that *Dimick* is "inapposite" in this matter and no longer applies. Belcher is simply wrong; *Dimick* is still a valid and well-accepted principle of law.[18] Moreover, Belcher does not cite, and this Court could not find, any federal case law to support its argument. Thus, even if Belcher had timely filed its Motion, the Seventh Amendment prohibits this Court from granting an additur; accordingly,

IT IS ORDERED that Hill's Motion For a New Trial, [doc. 149], is hereby DENIED.

IT IS FURTHER ORDERED that Belcher's Motion For JNOV, [doc. 152], is also hereby DENIED.

Lake Charles, Louisiana, this \_\_\_\_ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

Federal Rules provide for a certain scenario, federal courts are instructed to apply the Federal Rules of Civil Procedure, and thus federal courts need not consider whether *Erie* "commands the enforcement of an allegedly substantive state rule seemingly in conflict with the federal procedural rule." *Id.* at 307-08. Thus, with respect to the Federal Rules of Civil Procedure, "*Erie* simply no longer provides the relevant inquiry." *Id.* at 308. Thus, the Federal Rules of Civil Procedure, and not the Louisiana Code of Civil Procedure, apply.

[18] This Court's research unveiled fifty-nine citations to *Dimick* between the federal district courts in the Fifth Circuit and the Fifth Circuit itself.

9